## In the Matter of the Probate of the Last Will and Testament of SAMUEL WILCOX, Deceased.

Proceedings to prove the will of W. were opposed on the grounds that it had not been duly executed, and that as presented for probate it was different from the one executed by him; it having been willfully, intentionally and materially changed and altered since the death of W. Upon a hearing before the surrogate, after examining the subscribing witnesses as to its execution, the will was offered in evidence and upon the objection of the contestants that it had not been sufficiently proved the surrogate held that there was a failure of proof as to its due execution and refused to admit it to probate. Upon appeal to the General Term from the surrogate's decree, that court held that the evidence sufficiently proved the due execution of the will, reversed the decree of the surrogate and directed that the will should be admitted to probate; the judgment reciting that the decree of the surrogate was reversed upon the facts and his findings were disapproved. *Held*, that while there was but one fair and legitimate inference to be drawn from the evidence and that was in favor of the due execution of the will, and if this was the only issue presented the General Term had power to decree probate, as there was another issue properly made before the surrogate which had not been tried, the case should have been remitted to the surrogate for the trial of this issue.

*In re Hunt* (110 N. Y. 278), distinguished.

(Argued February 3, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 16, 1891, which reversed a decree of the surrogate of Monroe county refusing to admit to probate the last will and testament of Samuel Wilcox, deceased, and directed that the will should be admitted to probate.

The following is the opinion in full:

"Proceedings were commenced before the surrogate of Monroe county for the purpose of proving a certain instrument in writing to be the last will and testament of Samuel Wilcox, deceased.

"Citations were duly issued and some of the next of kin appeared and opposed the probate of the instrument on the ground that it had not been duly executed and that it was not the free and unrestrained will of the testator, and that as the instrument was presented for probate it was different from and

not the same paper executed by the testator, and that it had been willfully and intentionally changed and altered in material parts by parties in interest since the death of the decedent. Upon these issues the parties went to trial before the surrogate. The proponents examined the subscribing witnesses to the will and they were cross-examined at some length, and both examinations were confined to the sole question of the due execution of the instrument. Upon the conclusion of the examination and cross-examination of the subscribing witnesses t'ie proponents offered the instrument in evidence, and upon the objection of the contestants that the same had not been sufficiently proved the surrogate refused to admit it to probate and held that there was a failure of proof as to its due execution. Probate was refused on that ground alone. The contestants offered no proof in the case. No one but the subscribing witnesses had been examined. A decree was thereupon duly entered refusing probate, and from such decree the proponents appealed to the General Term of the Supreme Court. That court held that the evidence of the subscribing witnesses sufficiently proved the due execution of the will, and thereupon it reversed the decree of the surrogate and directed that the will should be admitted to probate. From the judgment entered upon this order of the General Term the next of kin have appealed to this court.

"The judgment of the General Term recites that the decree of the surrogate was reversed upon the facts, and the findings of the surrogate were therein disapproved. As there was in the record nothing but the evidence of the two subscribing witnesses, and neither in any way contradicted the other, and it was simply a question as to what inferences should be drawn from testimony not conflicting, but which did not in exact words prove the due execution and publication of the instrument, the case seems to be within our decision in *In re Hunt* (110 N. Y. 278).

"In that case the only testimony was that of the subscribing witnesses, such testimony not being contradictory, yet not proving in exact language the existence of the necessary facts. The surrogate held the testimony not sufficient, while the General Term was of a contrary opinion, and reversed his decree and

directed him to admit the will to probate. The judgment of the General Term in that case contained the same statement as in this, viz., that the decree of the surrogate was reversed upon questions of fact. We held that, notwithstanding such statement, where it appeared that all the evidence was returned, we could look at the case and see if there were any real conflict, and, if not, the General Term, in reversing the surrogate, had the power to itself decree the admission of the will to pro bate where it simply differed with the surrogate in regard to the proper inferences to be drawn from evidence not conflicting. A question of fact might possibly arise upon evidence not conflicting in terms, where inferences might be drawn either way, and where a decision either way would not be considered as against evidence. But here it does seem to us that there is but one fair and legitimate inference properly to be drawn, and that one in favor of the proof of due execution. In the proceeding now before us, there is, however, another issue which was properly made before the surrogate, and that was as to the alleged alteration of the instrument after its execution by the testator. That issue has never been tried. No evidence was given upon it before the surrogate. There was no occasion to do so. The surrogate, upon the conclusion of the evidence offered on the part of the proponents upon the question of the due execution of the will, held that its proper execution had not been proved, and upon that ground refused to admit it to probate. There was, therefore, no necessity for the contestants, in view of a decision in their favor, to ask to be permitted to give evidence upon another issue. Probate of the will had been refused, and that was all the contestants asked or desired. The General Term, upon reversing the surrogate's decree, should, therefore, have remitted the proceedings to him for the trial of the issue as to the alteration of the proposed will after its execution.

"In the case of *Dack* v. *Dack* (84 N. Y. 663), the General Term made a decree similar to the one made here, and this court held that it should have remitted the case to the surrogate to be heard upon the question not theretofore passed upon by him. There is nothing in the Code that we have been referred to which changes the rule thus laid down in the case

of *Dack* v. *Dack*, and we think the judgment of the General Term should be modified by providing for sending the case back to the surrogate of Monroe county to try the issue as to the alteration as set up in the contestants' grounds of contest. The costs should abide the final result in the Surrogate's Court, and be provided for as he may think proper."

*C. D. Kiehel* for appellants.

*Walter S. Hubbell* and *Eugene Van Voorhis* for respondents.

PECKHAM, J., reads for modification.
All concur.
Judgment accordingly.

---

In the Matter of the Revocation of the Probate of the Last Will and Testament of ROBERT LINEY, Deceased.

(Argued February 4, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 2, 1891, which affirmed a decree of the surrogate of Monroe county revoking the probate of the will of Robert Liney, deceased.

*Cassius C. Davy* for appellants.

*John H. Hopkins* for respondent.

Agree to affirm ; no opinion.
All concur.
Judgment affirmed.

---

WILLIAM E. EARL, as Administrator, etc., Respondent, *v.* GEORGE W. CRONCK, JR., Appellant.

(Argued February 4, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order